# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| USHA PULIGANDLA, Independent Administrator of the Estate of Kala Pauline Laughrey Rodgers, Deceased<br><br>Plaintiff,<br><br>v.<br><br>TONY C. AGHAJI ENWEREMADU, et al.,<br><br>Defendants. | Case No. CIV-24-00315-PRW |

## ORDER

Before the Court are Defendant Mominov Bakhtierzhon's Motion to Dismiss (Dkt. 5); Plaintiff Usha Puligandla's response (Dkt. 8); and Mominov's Reply (Dkt. 10). Also before the Court are Puligandla's Motion for Leave to Conduct Limited Jurisdictional Discovery (Dkt. 7); Mominov's response (Dkt. 11); and Puligandla's reply (Dkt. 12). For the reasons discussed below, Court **GRANTS** Mominov's Motion to Dismiss (Dkt. 5) and **DENIES** Puligandla's Motion for Leave to Conduct Limited Jurisdictional Discovery (Dkt. 7).

### *Background*

This action arises out of a trucking accident. The well-pleaded facts are as follows. On or about April 12, 2023, Conrad Rodgers, Sr., was driving northbound on I-35 in Garvin County, Oklahoma, with his wife, Kala Pauline Loughrey Rodgers. Mr. Rodgers encountered a construction area that forced him to stop. Defendant Tony C. Aghaji

1

Enweremadu was driving behind Mr. and Mrs. Rodgers in a tractor-trailer rig. He did not stop, however, and drove over the top of the Rodgers's vehicle, resulting in their death.

At the time, Enweremadu was acting within the scope of his employment for Defendant Globe Transportation, Inc. Mominov is an owner and officer of Globe Transportation. He is a registered owner of multiple trucks in the Globe Transportation fleet, including the one that Enweremadu was driving at the time of the accident.

Puligandla is the administrator of Mrs. Rodgers's estate. She brought claims for (1) negligence against Enweremadu and Globe Transportation and (2) negligent hiring, retention and training, as well as negligent entrustment of the vehicle against all the defendants except for Mominov. As for Mominov, Puligandla argues that Globe Transportation was his alter ego, and that Mominov effectuated a scheme to undercapitalize the truck fleet and use shell companies in order to evade legal responsibility. Mominov moves to dismiss Puligandla's claims against him for want of personal jurisdiction and, in the alternative, for failure to state a claim on which relief may be granted.

## *Legal Standard*

The plaintiff has the burden of establishing that personal jurisdiction exists.[1] When addressing a motion to dismiss under Rule 12(b)(2) without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction.[2] In

---

[1] *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998) (citation omitted).

[2] *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017) (citation omitted).

"the preliminary stages of litigation this burden is light."[3] "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant."[4] All "well-pled (that is, plausible, non-conclusory, and non-speculative) facts alleged in [the] plaintiff's complaint" are taken as true.[5] To defeat a plaintiff's prima facie showing, a defendant must show "that the presence of some other considerations would render jurisdiction unreasonable.'"[6] The Court resolves all factual disputes in favor of the plaintiff.[7]

"A federal court may not exercise personal jurisdiction over an out-of-state defendant unless (1) an applicable statute authorizes service of process on that defendant and (2) the exercise of statutory jurisdiction comports with constitutional due process."[8] Because Oklahoma law permits courts to "exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States,"[9] "the personal

---

[3] *Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (citation omitted).

[4] *OMI Holdings*, 149 F.3d at 1091.

[5] *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (internal citation omitted).

[6] *Id.* (internal quotation marks omitted) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

[7] *Old Republic*, 877 F.3d at 903 (citation omitted).

[8] *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020).

[9] OKLA. STAT. tit. 12, § 2004(F).

jurisdiction inquiry under Oklahoma law collapses into the single due process inquiry."[10] Dismissal for want of personal jurisdiction should be made without prejudice.[11]

Exercising jurisdiction over a nonresident defendant "satisfies due process if there are sufficient 'minimum contacts between the defendant and the forum state,'"[12] such that "having to defend the lawsuit there would not 'offend traditional notions of fair play and substantial justice.'"[13] In other words, the contacts with the state must cause a defendant to "reasonably anticipate being haled into court there."[14] Such minimum contacts can support either general or specific jurisdiction.[15] Puligandla argues only specific jurisdiction.

Specific jurisdiction "allows a court to exercise jurisdiction over an out-of-state defendant only for claims related to the defendant's contacts with the forum State."[16] It "is premised on something of a *quid pro quo*: in exchange for 'benefitting' from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts."[17] To meet the minimum-contacts requirement, a plaintiff must show that "(1) the out-of-state defendant 'purposefully

---

[10] *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 613 (10th Cir. 2012) (internal quotation marks and citation omitted).

[11] *Hollander v. Sandoz Pharms. Corp.*, 289 F.3d 1193, 1216–17 (10th Cir. 2002).

[12] *Id.* at 613 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)).

[13] *Eighteen Seventy, LP v. Jayson*, 32 F.4th 956, 965 (10th Cir. 2022) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[14] *XMission*, 955 F.3d at 839–40 (quoting *World-Wide Volkswagen*, 444 U.S. at 297).

[15] *Id.* at 840.

[16] *Id.* (citation omitted).

[17] *Dudnikov*, 514 F.3d at 1078.

4

directed' its activities at residents of the forum State, and (2) the plaintiff's alleged injuries 'arise out of or relate to those activities.'"[18]

## *Discussion*

Puligandla has not shown that Mominov purposefully directed his activities to Oklahoma. Moreover, granting leave to conduct limited jurisdictional discovery would be futile. The Court therefore lacks personal jurisdiction. Even if the Court had personal jurisdiction over Mominov, Puligandla has not stated a claim against him on which the Court may grant relief.

**I.    The Court lacks personal jurisdiction over Mominov.**

When a "defendant deliberately has engaged in significant activities within a State, . . . he manifestly has availed himself of the privilege of conducting business there."[19] The purposeful-direction inquiry considers "both the quantity and quality of a defendant's contacts with the forum."[20] A defendant is not to "be subject to the laws of a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, the unilateral activity of another party or a third person, or the mere foreseeability that its actions may cause injury in that jurisdiction."[21] Generally, because "[j]urisdiction over the representatives of a corporation may not be predicated on jurisdiction over the corporation itself, . . .

---

[18] *XMission*, 955 F.3d at 840 (quoting *Burger King*, 471 U.S. at 472); *see also Old Republic*, 877 F.3d at 904.

[19] *Old Republic*, 877 F.3d at 905 (internal quotation marks and citation omitted).

[20] *XMission*, 955 F.3d at 840 (citation omitted).

[21] *Id.* at 840–41 (internal quotations and citations omitted).

jurisdiction over the individual officers and directors must be based on their individual contacts with the forum state."[22]

The Tenth Circuit has identified several frameworks "to help determine whether purposeful direction has been established."[23] Mominov relies on the test articulated in *Calder v. Jones*.[24] Under *Calder*, a plaintiff establishes purposeful direction by showing "(a) an intentional action . . . , that was (b) expressly aimed at the forum state . . . , with (c) knowledge that the brunt of the injury would be felt in the forum state . . . ."[25]

The Tenth Circuit has questioned the applicability of *Calder* outside of the context of intentional torts.[26] Some district courts in the Tenth Circuit have applied *Calder* to negligence claims, while others have refused.[27] Puligandla, who bears the burden of

---

[22] *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1527 (10th Cir. 1987)

[23] *XMission*, 955 F.3d at 841.

[24] 465 U.S. 783 (1984).

[25] *Dudnikov*, 514 F.3d at 1072 (discussing *Calder*).

[26] *See Old Republic*, 877 F.3d at 916 n.34 ("[T]here is reason to question [*Calder*'s] applicability in" the context of a strict liability claim.). *Calder* itself specified that the claim at issue was not "mere untargeted negligence, but rather [] intentional, and allegedly tortious, actions." 465 U.S. at 783–84.

[27] *Compare Samra v. Fandango II, LLC*, No. 123CV00465MLGJFR, 2024 WL 1015147, at *2–3 (D.N.M. Mar. 8, 2024) *with Speedsportz, LLC v. Menzel Motor Sports, Inc.*, No. 07-CV-624-TCK-TLW, 2009 WL 2921295, at *9 (N.D. Okla. Sept. 8, 2009) *and 24-7 Mach., LLC v. Warren Power & Mach., Inc.*, No. CIV-23-159-PRW, 2024 WL 1183071, at *3 (W.D. Okla. Mar. 19, 2024).

*See also Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007) ("We decline to apply *Calder* because it is well established that the *Calder* test applies only to intentional torts, not to the breach of contract and negligence claims presented here.").

establishing jurisdiction, does not contest *Calder*'s applicability.[28] But whatever the framework, the Court finds that Puligandla has not carried her burden of showing that Mominov purposefully directed his activities to Oklahoma such as to create minimum contacts that give rise to personal jurisdiction.

Puligandla bears the burden of establishing personal jurisdiction with respect to each claim she alleges.[29] But it is not exactly clear what claims, if any, Puligandla seeks to assert against Mominov individually. To the extent she seeks to bring a negligence claim against him,[30] claims for negligence generally "do not involve intentional or wrongful conduct."[31] And Puligandla hasn't alleged an intentional act by Mominov that was aimed at Oklahoma. Thus, Puligandla failed to establish the Court's personal jurisdiction under *Calder*.

Puligandla argues that "Mominov's ownership, expectation, [and] knowledge . . . of the tractor-trailer's operation in Oklahoma" are sufficient contacts to find that he purposefully availed himself to Oklahoma.[32] Mominov does not dispute that he owned the tractor-trailer. His Motion to Dismiss includes Mominov's affidavit, in which he confirms

---

[28] *See Dudnikov*, 514 F.3d at 1071. ("While we do not imagine that *Calder* necessarily describes the only way to satisfy the purposeful direction test, because plaintiffs assert it provides the key to unlocking the courthouse door for them, we are able to limit our attention in this case to *Calder's* demands."); *see also Eighteen Seventy*, 32 F.4th 956, at 966 n.9 ("It is appropriate . . . to focus on [the plaintiffs'] theory for jurisdictional relief— and also to concomitantly hold them to the consequences of that choice.").

[29] *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020) (citation omitted).

[30] *See* Pet. (Dkt. 1-1), ¶ 17.

[31] *Speedsportz*, No. 07-CV-624-TCK-TLW, 2009 WL 2921295, at *9; *see also 24-7 Mach.*, No. CIV-23-159-PRW, 2024 WL 1183071, at *3.

[32] Resp. (Dkt. 8), at 3.

7

that he leased the tractor-trailer to Globe Transportation[33] and that he has no contacts with Oklahoma.[34] Puligandla refutes this with the tractor-trailer's Illinois Apportionment Identification Card, which provides that the tractor-trailer's registration in Illinois proportionally registers it in the rest of the continental United States (including Oklahoma), and most of Canada.[35] Thus, Puligandla argues that Mominov knew that his tractor-trailer could be operated in Oklahoma. Construing this in Puligandla's favor, the Court assumes that Mominov had knowledge of the potential or actual operation in Oklahoma.

According to Puligandla, Mominov's ownership of the vehicle and knowledge of its potential operation in Oklahoma are enough to give rise to personal jurisdiction. But based on the filings, Mominov's knowledge of the tractor-trailer's potential or actual operation in Oklahoma would have been acquired within his corporate role. And "jurisdiction over [] individual officers and directors must be based on their individual contacts with the forum state."[36]  Construing the record in Puligandla's favor, perhaps Mominov's knowledge could be ascribed to his individual contacts with Oklahoma through his registration of the vehicle. This contact, however, is too attenuated to satisfy the minimum contacts inquiry. It only gives rise to the mere foreseeability to Mominov that the truck could be lawfully operated in Oklahoma, in addition to most of the rest of United States as well as Canada. Such an act does not rise to the level of purposefully directing

---

[33] Aff. of Bakhtierzhon Mominov in Supp. of Mot. to Dismiss (Dkt. 5-1), ¶ 10.

[34] *See id.*

[35] Ill. Apportionment Identification Card (Dkt. 8-1).

[36] *Ten Mile*, 810 F.2d at 1527.

one's activities to Oklahoma.[37] The Court therefore lacks personal jurisdiction over Mominov.

Puligandla relies on two out-of-circuit cases that she contends support the exercise of personal jurisdiction here. First, in *Hart v. Bates*, the defendant, a New York resident, purchased an allegedly defective vehicle for his wife's use in Pennsylvania, where she permanently resided with their four children.[38] It was understood that the defendant's son could use the vehicle in Pennsylvania any time that his wife did not need it. The district court for the Eastern District of New York found that "[t]he entrusting of the allegedly defective vehicle by [the defendant] to his son with knowledge that the vehicle would be used extensively in Pennsylvania was sufficient to satisfy the constitutional 'minimum contacts' requirement."[39] Second, in *Progressive American Insurance Company. v. De Pinto*, the defendant, a Florida resident, (1) allowed his son to drive his vehicle in North Carolina (2) executed leases and paid for rent in North Carolina on his son's behalf, (3) knew that the vehicle would be parked in North Carolina when not in use; and (4) stored and towed the vehicle in North Carolina after the accident.[40] The district court for the

---

[37] *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1534 (10th Cir. 1996) ("[T]he mere foreseeability of causing injury in another state is not a sufficient benchmark for exercising personal jurisdiction." (citation and internal quotation marks omitted)).

[38] 897 F. Supp. 710, 713–14 (E.D.N.Y. 1995)

[39] *Id.* at 714.

[40] No. 321CV00006RJCDSC, 2022 WL 2438427, at *8–9 (W.D.N.C. July 5, 2022).

Western District of North Carolina found that based on these contacts the defendant purposefully availed himself.[41]

These cases are unpersuasive. First, the defendants in *Hart* and *Progressive* both had substantially more contacts with their respective forum states than just ownership of the vehicle in the state and knowledge of its presence. Second, in both cases, the drivers to whom the defendants entrusted their vehicles operated them in the states which the drivers resided, giving rise to an expectation of extensive use in those states. Enweremadu is not an Oklahoma resident.[42] Third, unlike here, both cases included a negligent entrustment claim.[43] *Hart* and *Progressive* therefore do not support finding personal jurisdiction here.

## II.     Puligandla has not shown that she is entitled to jurisdictional discovery.

Puligandla seeks leave to conduct limited jurisdictional discovery on the issue. "When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion."[44] The Court, however, "is vested with broad discretion" in such proceedings "and should not be reversed unless discretion is abused."[45] A court abuses its discretion in refusing to grant discovery "if the denial

---

[41] *Id.*

[42] Notice of Removal (Dkt. 1), ¶ 3.

[43] Pet. (Dkt. 1-1), at ¶ 15 (listing every defendant *except* for Mominov in its claims for negligent hiring, retention, training, and entrustment claims).

[44] *Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (citation and internal quotation marks omitted).

[45] *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975) (citation omitted).

results in prejudice to a litigant."[46] A litigant is prejudiced where "pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary."[47] The party seeking jurisdictional discovery bears the burden of demonstrating a legal entitlement to it.[48] "[P]ure speculation as to the existence of helpful facts is insufficient, as a matter of law, to constitute the type of prejudice that warrants reversing the district court in the area of discovery management."[49]

Puligandla seeks to establish (1) Mominov's ownership of the tractor-trailer; (2) the identities of the lessor and the lessee of the tractor-trailer; (3) whether Mominov registered the tractor-trailer's operation in Oklahoma; and (4) whether Mominov knew that the tractor-trailer would be and was being operated in Oklahoma. These facts, however, are either uncontroverted or irrelevant to the personal jurisdiction inquiry.

Mominov does not deny that he owns the tractor-trailer, and has attested via sworn affidavit that he leased it to Globe Transportation.[50] For its part, Globe Transportation confirms that Mominov was the lessor of the tractor-trailer.[51] Puligandla maintains that discovery is necessary because the lease shows Globe Transportation as the "equipment

---

[46] *Sizova*, 282 F.3d 1320, 1326.

[47] *Id.* (citation and internal quotation marks omitted).

[48] *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 n.11 (10th Cir. 2010).

[49] *Dental Dynamics*, 946 F.3d at 1234.

[50] Aff. of Bakhtierzhon Mominov in Supp. of Mot. to Dismiss (Dkt. 5-1), ¶ 10.

[51] Answer (Dkt. 4), ¶ 6.

owner" and Mominov as the "carrier."[52] Thus, she argues that the Court must resolve this inconsistency before it can determine whether it may exercise personal jurisdiction over Mominov. But the defendants admit that Mominov owned the tractor-trailer and that he leased it to Globe Transportation, which is consistent with Puligandla's allegations.

Additionally, the record clearly establishes that Mominov registered the tractor-trailer in the State of Illinois, which included the proportional registration in several other states, including Oklahoma.[53] This isn't controverted. As to whether Mominov knew that the tractor-trailer would be and was being operated in Oklahoma, construing the facts in Puligandla's favor, the Court has assumed that Mominov—in his corporate capacity—had full knowledge of the tractor-trailer's potential or actual operation in Oklahoma in concluding that it lacked personal jurisdiction over Mominov.

Moreover, Puligandla bases her belief that Mominov knew of the tractor-trailer's operation in Oklahoma on (1) the tractor-trailer's Illinois Apportionment Identification Card and (2) "Mominov's role within Globe [Transportation.]"[54] Such knowledge acquired within Mominov's corporate role, however, is irrelevant to the question of whether he personally availed himself to Oklahoma.[55] Puligandla changes course in her reply, asserting that "whether [Mominov's] knowledge or control stemmed from his official or personal

---

[52] *See* Lease Agreement (Dkt. 7-2).

[53] Ill. Apportionment Identification Card (Dkt. 7-1).

[54] Puligandla's Mot. for Leave to Conduct Limited Jurisdictional Disc. (Dkt 7), at 4.

[55] *Ten Mile*, 810 F.2d at 1527.

capacity[ is an] open question[] necessary for resolving this jurisdictional dispute."[56] This, however, is the kind of "pure speculation" that is insufficient to show that denial of jurisdictional discovery would result in prejudice.[57]

### III. Puligandla did not state a claim against Mominov, so limited discovery is futile.

The Court notes that even if it were to find that Puligandla had established personal jurisdiction over Mominov, she has not stated a claim against him on which relief may be granted. In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must satisfy itself that the pleaded facts state a claim that is plausible.[58] As with Rule 12(b)(2), when considering a motion under Rule 12(b)(6), the Court accepts the well-pleaded allegations of the complaint as true and construes them in the "light most favorable to the plaintiff."[59] While factual allegations are taken as true, a court need not accept mere legal conclusions.[60] "[L]abels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient.[61]

Mominov correctly argues that in Oklahoma, a plaintiff may not sue "an officer, director, or shareholder for the debt or liability of a corporation of which he or she is an officer, director, or shareholder, until judgment is obtained therefor against the corporation

---

[56] Puligandla's Reply Supp'g Her Mot. for Leave to Conduct Limited Jurisdictional Disc. (Dkt. 12), at 2.

[57] *See Dental Dynamics*, 946 F.3d at 1234.

[58] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

[59] *Russel v. United States*, 551 F.3d 1174, 1178 (10th Cir. 2008).

[60] *Khalik v. United Air Lines*, 671 F.3d 1188, 1190–91 (10th Cir. 2012).

[61] *Id.*

13

and execution thereon returned unsatisfied."[62] This does not prevent a plaintiff from suing an officer, director, or shareholder for his own conduct.[63]

The Petition offers threadbare allegations pertaining to Mominov's individual conduct. The only fact alleged in the petition that relates in any way to Mominov's individual conduct is his ownership of the tractor-trailer.[64] The Petition specifically does not seek damages for negligent entrustment against Mominov.[65] It is therefore unclear how Mominov's mere ownership of the tractor-trailer gives rise to a claim against him. To the extent that Puligandla seeks to assert a general negligence[66] claim against Mominov, she has not alleged that Mominov owed her decedent a duty, nor that he breached that duty.

Puligandla seeks to raise an alter ego theory of liability against Mominov. This, however, is premature under Oklahoma law.[67] Puligandla asserts that the registration shows

---

[62] OKLA. STAT. tit. 12, § 682(B).

[63] *Washington v. City of Okla. City*, No. CIV-20-266-D, 2023 WL 6151240, at *6 (W.D. Okla. Sept. 20, 2023) (quoting *Dennis v. Good Deal Charlie, Inc.*, No. 20-CV-00295-GKF-JFJ, 2021 WL 815841, at *6 (N.D. Okla. Mar. 3, 2021)).

[64] Both parties rely in part on the tractor-trailer registration in their 12(b)(6) arguments. However, the Court may not consider extraneous materials without converting a motion to dismiss into a motion for summary judgment. Thus, the Court only considers the pleadings.

[65] *See supra* note 43.

[66] "In order to state a claim for negligence, a litigant must show the existence of a duty on the part of the defendant to protect plaintiff from injury, a breach of the duty, and an injury to plaintiff proximately resulting from the breach." *Tuffy's, Inc. v. City of Okla. City*, 212 P.3d 1158, 1167 (2009).

[67] *Springdale OK Spe LLC v. Wehner Multifamily LLC*, No. CIV-21-00543-PRW, 2022 WL 264553, at *3 (W.D. Okla. Jan. 27, 2022); OKLA. STAT. tit. 12, § 682(B); *see also* 1A Vernon's Okla. Forms 2d, Civ. Proc. Ch. 5 E Introduction (2d ed.) (In Oklahoma, a plaintiff may not assert a claim against an officer, director, or shareholder of a corporation "on the

that Mominov knew the vehicle was being operated in Oklahoma and "very well may have liability based on his own conduct arising out of his ownership of the tractor-trailer and/or as a lessor or lessee."[68] But the Petition remains devoid of fact allegations that give rise to a claim against Mominov in his individual capacity. Thus, additional discovery would ultimately be futile, as even if the Court had personal jurisdiction over Mominov, it would still dismiss the claims against Mominov under Rule 12(b)(6).

## *Conclusion*

For the reasons given above, Court **GRANTS** Mominov's Motion to Dismiss (Dkt. 5); **DENIES** Puligandla's Motion for Leave to Conduct Limited Jurisdictional Discovery (Dkt. 7); and **DISMISSES** Puligandla's claims against Mominov without prejudice.

**IT IS SO ORDERED** this 6th day of February 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

basis of vicarious liability or alter ego until the plaintiff obtains a judgment against the corporation and files an execution in the case unsatisfied.").

[68] Pl.'s Resp. to Def.'s Mot. to Dismiss (Dkt. 8), at 8.